**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEBRA CONGO<br>1016 S 49th Street<br>Philadelphia, PA 19143 | : <br> : <br> : <br> : |
| Plaintiff, | : No. <br> : |
| v. | : **JURY TRIAL DEMANDED** <br> : |
| AMERICAN AIRLINES GROUP INC.<br>4333 Amon Carter Boulevard<br>Fort Worth, TX 76155 | : <br> : <br> : <br> : |
| and | : <br> : |
| RICHARD MORGAN, STOCK CLERK<br>SUPERVISOR<br>individually & in his official capacity as an<br>employee for<br>AMERICAN AIRLINES GROUP INC.<br>2000 Tinicum Island Rd<br>Philadelphia, PA 19113 | : <br> : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| BRANDON BUCHANAN, SUPERVISOR<br>individually & in his official capacity as an<br>employee for<br>AMERICAN AIRLINES GROUP INC.<br>2000 Tinicum Island Rd<br>Philadelphia, PA 19113 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| ROBERT NAGY, SUPERVISOR<br>individually & in his official capacity as an<br>employee for<br>AMERICAN AIRLINES GROUP INC.<br>2000 Tinicum Island Rd<br>Philadelphia, PA 19113 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| JOHN DOES 1-10 | : |

Defendants.

## CIVIL ACTION COMPLAINT

### PARTIES

1. Plaintiff, Debra Congo, is an adult individual, residing at 1016 S 49th Street, Philadelphia, PA 19143.  At all times material hereto, Ms. Congo, was employed by American Airlines as a stock clerk at the at the Philadelphia International Airport hangar location, 2000 Tinicum Island Rd, Philadelphia, PA 19113.  Plaintiff worked for Defendant for 17 years.

2. Defendant, American Airlines Group Inc. ("American Airlines"), is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Fort Worth, Texas. It was formed December 9, 2013, in the merger of AMR Corporation, the parent company of American Airlines, and US Airways Group, the parent company of US Airways.  The merger of these two groups formed the largest airline in the world. American Airlines employs over 100,000 people and operates more than 6,700 daily flights to 350 locations in 50 countries worldwide with about $40 billion in operating revenue.

3. Defendant, Richard Morgan (Mr. Morgan), is an adult individual who at all times material hereto was employed by American Airlines as a supervisor for stock clerks. He is being sued in his individual and official capacity.

4. Defendant, Brandon Buchanan (Mr. Buchanan) is an adult individual who at all times material hereto was employed by American Airlines as a supervisor and was Plaintiff's attending supervisor.  He is being sued in his individual and official capacity.

5.  Defendant, Robert Naggy (Mr. Naggy), is an adult individual who at all times material hereto was employed by American Airlines as a supervisor and is Plaintiff's previous supervisor.  He is being sued in his individual and official capacity.

6.  Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-Defendant, liable to Plaintiff hereunder.

## JURISDICTION AND VENUE

7.  The above paragraphs are incorporated herein by reference.

8.  Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

9.  Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Philadelphia International Airport, in Philadelphia County, Pennsylvania.

## STATEMENT OF FACTS

10. The above paragraphs are incorporated herein by reference.

11. Defendant, American Airlines, in a number of unlawful, intimidating and discriminatory acts, has created a discriminatory, hostile and bigoted environment toward its African American employees.

12. On October 9, 2000, Plaintiff started working as a utility worker, cleaning airplanes, for US Airways. Upon information and belief, at her time of hire, Plaintiff was the only African American full-time stock clerk hired by American Airlines at the Philadelphia International Airport location,

13. On or around March 2005, Plaintiff was laid off by US Airways when it outsourced its utility positions. Plaintiff lost her pension when her position was outsourced as she was just short of the five-year accrual mark.

14. Under the International Association of Machinists and Aerospace Workers' Union (IAM) contract, of which Plaintiff is a member, Plaintiff had lifetime call back rights to bid for any open position with Defendant based on seniority.

15. In or around December 2010, Plaintiff successfully bid for an open stock clerk position with US Airways. Plaintiff was let go from this position by US Airways prior to the completion of her 90-day probationary period in or around March 2011.Plaintiff was given the option to bid for another position after 6 months.

16. In or around 2014, Plaintiff was once again hired as a stock clerk by Defendant.  On the 89th day of her 2014 employment period, Mr. Naggy, Plaintiff's attending supervisor the time, let Plaintiff go one day shy of the 90-day probationary period.

17. In or around 2017, Plaintiff was once again employed by Defendant as a stock clerk, and again was let go prior to her completion of the 90-day probationary period.

18. In or around July 2017, Plaintiff had witnessed and heard managers, Mr. Morgan and Mr. Buchanan make racist and discriminatory comments, including but not limited to **"niggers are dummies"**.

19. In or around July 2017, Plaintiff, along with other employees of Defendant, overheard Mr. Buchanan tell Mr. Morgan, that he did **"not want this black monkey moving past her 90 days"** in reference to Plaintiff.

20. Upon information and belief, it is the usual and customary practice of Defendant to move stock clerk trainees, within their 90-day probationary period, to a different stock clerk position every two weeks so that they learn all of the stock clerk duties. A more experienced stock clerk is assigned to the same position to work with the trainee and teach them position.

21. Upon information and belief, Mr. Buchanan set Plaintiff up to fail in order to terminate her prior to her 90-day probationary period:

    a. Mr. Buchanan refused to move Plaintiff from the shipping department after her two-week assignment there in order to prevent her from learning the other stock clerk positions;

    b. while assigned to the shipping department, Plaintiff was never trained for international or HASMAT shipping, which made it extremely difficult for Plaintiff to perform those duties without assistance;

    c. Mr. Buchanan moved the more experience stock clerk assigned to shipping during Plaintiff's tenure there so that Plaintiff was by herself without a more experienced stock clerk to assist and train her in the position; and

    d. Upon information and belief, other stock clerks ignored Plaintiff's requests for assistance at Mr. Buchanan's direction.

22. Plaintiff was written up and suspended for two days without pay for failure to provide a medical form, which she was told by Human Resources was not required.

23. On or around September 9, 2017, Plaintiff was again let go by Defendants prior to the end of her probationary period.

24. Upon information and belief, Plaintiff was replaced by Wayne Lee (Mr. Lee), a younger Caucasian male and a cousin of Mr. Buchanan.

25. Each of the three times Plaintiff returned to work for Defendant, she had to quit the job she was working at the time.

26. Each of the three times Plaintiff returned to work for Defendant, her salary was decreased by Defendant.

27. After Plaintiff was let go in 2017, she placed a bid for a utility and stock clerk position in the Charlotte, North Carolina office of Defendant but did not receive the position due to seniority.

28. Upon information and belief, Plaintiff has not been hired for any open positions with Defendant American Airlines due to Mr. Buchanan's influence.  Plaintiff has constantly bid on open positions with Defendant since she was let go in September 2017 but has not been hired for any of them to date.

29. Upon information and belief, the actual reason Plaintiff was not hired for the open positions is due to Defendants' pattern and intent to discriminate against, discipline, discourage and terminate Plaintiff due to her age and race.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1981
### RACE BASED DISCRIMINATION AND HOSTILE WORK ENVIRONMENT

30. The above paragraphs are hereby incorporated herein by reference.

31. Defendants evidenced a settled intent to discriminate against and wrongfully target Plaintiff on the basis of race.

32. Plaintiff's disciplinary actions and ultimate termination were undertaken because of the color of her skin.

33. The aforesaid conduct of Defendants was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

34. The foregoing actions of Defendants created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

35. As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered racial discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in her favor, and against Defendants, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

**COUNT II**
**2 U.S.C. § 1985**
**CIVIL RIGHTS CONSPIRACY**

36. The above paragraphs are incorporated herein by reference.

37. The foregoing conduct of Defendants violated Plaintiff's rights pursuant to 42 U.S.C. § 1985, which proscribes any agreement or conspiracy to violate Plaintiff's federally protected civil rights, including those rights under 42 U.S.C. § 1981.

**COUNT III**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

38. The above paragraphs are incorporated herein by reference.

39. The actions of Defendants' were designed to emotionally harm Plaintiff by causing her to subsist in an overwhelming, intimidating and hostile work environment.

40. The conduct of Defendant Buchanan was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Defendant Buchanan in an amount appropriate to punish him and to deter him and others from such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants, their agents, servants, workmen and employees, individually, jointly and/or severally, in an amount in excess of seventy-five thousand ($75, 000.00) dollars, statutory, punitive, and compensatory damages, injunctive relief, together with interests and costs and other such and further relief as this Honorable Court deems necessary and just, including attorney's fees and costs.

Plaintiff additionally prays to be compensated with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to the aforesaid, including but not limited to, an award of front, back and lost pay, compensatory damages for future pecuniary loss, and for such other and further relief as this Honorable Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues so triable herein.

[remainder of page left intentionally blank]

Respectfully submitted,


*/s/ David A. Berlin*
David A. Berlin, Esquire
PA Attorney ID. No. 314400
Matthew B. Weisberg, Esquire
PA Attorney Id. No. 85570
7 South Morton Ave.
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax


BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ.
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
                              .
*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
SCHAFKOPF LAW
PA Attorney Id. No. 83362
11 Bala Ave.
Bala Cynwyd, PA 19044
(610) 664-5200 (ext. 104)
(888) 283-1334 – Fax


DATED: 5-18-2020