**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DEBRA CONGO**,

Plaintiff,

v.

**AMERICAN AIRLINES GROUP INC.**, ***et al.***

Defendants.

Case No. 2:20-cv-02322-JD

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

***/s/ Christina M. Michael***

Christina M. Michael (Pa. ID 307708)
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, PA 19087
Tel. (610) 230-2158
Fax (610) 230-2151
cmichael@fisherphillips.com

and

Daniel E. Farrington[1]
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
dfarrington@fisherphillips.com

*Attorneys for Defendants*

[1] Mr. Farrington will submit a motion to appear *pro hac vice*.

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................ 1
II. FACTUAL ALLEGATIONS ........................................................ 2
III. LEGAL ANALYSIS ........................................................ 2
A. LEGAL STANDARD ON A RULE 12(b)(6) MOTION TO DISMISS. ........................................................ 2
B. CONGO FAILS TO STATE A CIVIL RIGHTS CONSPIRACY CLAIM. ........................................................ 3
1. Congo's Section 1985 Claim is Untimely. ........................................................ 4
2. A Section 1985 Claim Cannot be Based on a Section 1981 Claim. ........................................................ 4
3. Congo Did Not Allege a Conspiracy. ........................................................ 5
C. CONGO FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS. ........................................................ 8
1. Congo's IIED Claim is Untimely. ........................................................ 8
2. Congo Fails to Plead Extreme and Outrageous Conduct. ........................................................ 9
3. Congo Fails to Plead Severe Distress. ........................................................ 10
4. Congo's IIED Claim is Preempted. ........................................................ 11
D. CONGO FAILS TO STATE A SECTION 1981 CLAIM AGAINST NAGY OR MORGAN. ........................................................ 11
IV. CONCLUSION ........................................................ 14

## TABLE OF AUTHORITIES

### Cases


Adams v. City of Greensburg, No. CV 17-550, 2018 WL 1318068 (W.D. Pa. Mar. 14, 2018) .... 6

Ahmed v. Lowe's Home Ctrs., Inc., 346 F. App'x 816 (3d Cir. 2009) ....................................... 11

Allen v. Sweeney, No. CIV.A. 11-5602, 2012 WL 5897584 (E.D. Pa. Nov. 20, 2012) ................ 6

Allen v. Wells Fargo, N.A., No. CV 14-5283, 2015 WL 5137953 (E.D. Pa. Aug. 28, 2015) ..... 10

Altieri v. Concordville Motor Car, Inc., No. CV 17-4447, 2018 WL 878368 (E.D. Pa. Feb. 14, 2018)........................................................................................... 9

Amoroso v. Bucks Cty. Ct. Com. Pl., No. CIV.A. 13-0689, 2014 WL 1284791 (E.D. Pa. Mar. 27, 2014)................................................................................... 9, 11

Angelella v. Avvisato, No. 3:15-CV-00511, 2016 WL 4379098 (M.D. Pa. Aug. 17, 2016) ......... 8

Ashcroft v. Iqbal, 556 U.S. 662 (2009)........................................................................... 3

Barbosa v. Tribune Co., No. Civ. A. 01-CV-1262, 2003 WL 22238984 (E.D. Pa. Sept.25, 2003) ..................................................................................... 10

Baum-Brunner v. Lytle, No. CV 17-3901, 2018 WL 1040849 (E.D. Pa. Feb. 23, 2018) .............. 8

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ................................................... 2, 3

Benlian v. PECO Energy Corp., No. CV 15-2128, 2016 WL 3951664 (E.D. Pa. July 20, 2016)........................................................................................... 7

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993) ............................................. 4

Brown v. Philip Morris Inc., 250 F.3d 789 (3d Cir. 2001) ........................................................ 4, 5

Cada v. E. Penn Mfg. Co., Inc., No. 5:16-CV-04832, 2018 WL 947930 (E.D. Pa. Feb. 16, 2018)........................................................................................... 5

Caver v. City of Trenton, 420 F.3d 243 (3d Cir. 2005) ............................................................ 12

Collins v. Univ. of Pa., 35 F. App'x 352 (3d Cir. 2002) ........................................................... 11

Cortazzo v. City of Reading, No. CIV.A. 14-2513 WL 1380061 (E.D. Pa. Mar. 26, 2015).......... 6

Cox v. Keystone Carbo Co., 861 F.2d 390 (3d Cir. 1988)……………………………………12

Doughty v. Wells Fargo Bank, N.A., No. 17-5018, 2018 WL 1784159 (E.D. Pa. Apr. 13, 2018) ........................................................................................ 9, 10

Fleet v. CSX Intermodal, Inc., No. CV 17-3562, 2018 WL 3489245 (E.D. Pa. July 18, 2018) .. 12

Frazier v. Henry H. Ottens Mfg. Co., No. CIV.A. 11-3987, 2012 WL 1137051 (E.D. Pa. Apr. 5, 2012) ........................................................................................... 13

Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 422 U.S. 366 (1979) ........................................ 5

Harden v. RR Donnelly, No. CIV.A. 01-6147, 2002 WL 32345676 (E.D. Pa. Apr. 1, 2002) ............................................................................................. 5

Hargraves v. City of Phila., No. CIV.A.05-CV-4759, 2007 WL 1276937 (E.D. Pa. Apr. 26, 2007) ........ 9

Harry v. City of Phila., No. Civ. A. 03-661, 2004 WL 1387319 (E.D. Pa. June 18, 2004) ......... 10

Jackson v. Lehigh Valley Physicians Grp., No. CIV.A. 08-3043, 2009 WL 229756 (E.D. Pa. Jan. 30, 2009) ........ 9

Jackson v. Rohm & Haas Co., No. CIV.A. 06-3682, 2007 WL 2668001 (E.D. Pa. Sept. 5, 2007), vacated in part, modified in part, No. CIV.A. 06-3682 WL 2702797 (E.D. Pa. Sept. 12, 2007) ........ 7, 8

James v. Tri-Way Metalworkers, Inc., No. 3:13-CV-1638, 2014 WL 4640078 (M.D. Pa. Sept. 16, 2014) ........ 9

Jimenez v. Wellstar Health Sys., 596 F.3d 1304 (11th Cir. 2010) ........ 5

Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004) ........ 12

Lamb v. Montgomery Twp., No. CV 15-6759, 2016 WL 7426125 (E.D. Pa. Dec. 23, 2016)..... 13

McFadden v. Apple Inc., No. 18-CV-3779, 2018 WL 4374173 (E.D. Pa. Sept. 12, 2018), aff'd, 785 F. App'x 86 (3d Cir. 2019) ........ 4

Mina v. Montgomery Cty., No. CV 18-5556, 2019 WL 2060111 (E.D. Pa. May 8, 2019) ........ 4

Moyer v. Kaplan Higher Educ. Corp., 413 F. Supp. 2d 522 (E.D. Pa. 2006)........ 11

Plemmons v. PMA Ins. Co., Civ. 90-2495, 1991 WL 125982 (E.D. Pa. July 3, 1991) ........ 7

Quintana v. City of Phila., No. CV 17-0996, 2018 WL 3632144 (E.D. Pa. July 30, 2018)........ 8

Rippy v. Pub. Health Mgmt. Corp., No. 19-CV-1839-JMY, 2020 WL 832088 (E.D. Pa. Feb. 19, 2020)........ 12

Robinson v. Nat'l R.R. Passenger Corp., No. CV 18-341, 2019 WL 3310333 (E.D. Pa. July 22, 2019)........ 12

Robison v. Canterbury Vill., Inc., 848 F.2d 424 (3d Cir. 2008)........ 6, 7

Rosenberg v. Thomas Jefferson Univ. Hosp., Inc., No. CV 15-4208, 2016 WL 2766504 (E.D. Pa. May 13, 2016) ........ 10

Schmidt v. Skolas, 770 F.3d 241 (3d Cir. 2014)........3

Startzell v. City of Phila., 533 F.3d 183, (3d Cir. 2008)........ 5

Sung Tran v. Delavau, LLC, No. CIV.A. 07-3550, 2008 WL 2051992, (E.D. Pa. May 13, 2008) ........ 5

White v. Purolite Corp., No. CV 19-1736, 2020 WL 1875632 (E.D. Pa. Apr. 15, 2020)........ 13

Zurchin v. Ambridge Area Sch. Dist., 300 F. Supp. 3d 681 (W.D. Pa. 2018) ........ 6

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT**

Defendants American Airlines, Inc.[2] ("American Airlines"), Richard Morgan, Brandon Buchanan, and Robert Nagy, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submit this Memorandum of Law in Support of their Motion to Partially Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff Debra Congo brings claims against her former employer, American Airlines, and three individual supervisors for disparate treatment based on race and hostile work environment under 42 U.S.C. § 1981 (Count I), civil rights conspiracy under 42 U.S.C. § 1985 (Count II), and Intentional Infliction of Emotional Distress ("IIED") (Count III). As is demonstrated below, Counts II and III should be dismissed in their entirety because they are untimely and fail to state claims in any event. Count I should be dismissed to the extent the claims are brought against Nagy and Morgan because the Complaint does not allege that either one of them personally discriminated against Congo.[3]

---

[2] American Airlines Group Inc. is a publicly traded holding company and the parent company of Plaintiff's employer, American Airlines, Inc. American Airlines, Inc. is the proper defendant.

[3] If this Motion were granted, the remaining causes of action would be Section 1981 claims for disparate treatment and hostile work environment against American Airlines and Buchanan.

## II. FACTUAL ALLEGATIONS[4]

American Airlines has employed Congo, who is African American, on multiple occasions as a stock clerk. (Compl. ¶¶ 12, 15-17.) On each occasion, however, Congo has not passed the 90-day probationary period. (Id. ¶¶ 15-17.)

Nagy was Congo's supervisor in 2014. (Id. ¶ 16.) Nagy terminated Congo's employment sometime in 2014 before she completed the 90-day probationary period. (Id.)

American Airlines reemployed Congo in 2017. (Id. ¶ 17.) During this period of employment, Buchanan was Congo's "attending supervisor." (Id. ¶ 4.) Congo alleges that in July 2017, she overheard Buchanan refer to her as a "black monkey" and state that he did not want her to pass the probationary period. (Id. ¶ 19.) Congo further alleges that in July 2017 she overheard Buchanan and another supervisor in the department, Morgan, say that "niggers are dummies." (Id. ¶ 18.) She alleges that Buchanan set her up to fail by not properly training her and then terminated her employment on September 9, 2017. (Id. ¶¶ 21, 23.)

After her September 9, 2017 termination, Congo sought additional open positions with American Airlines. (Id. ¶¶ 28.) Congo speculates that reason she has not been hired for any of the positions to which she applied is due to Buchanan's influence. (Id.)

## III. LEGAL ANALYSIS

### A. LEGAL STANDARD ON A RULE 12(b)(6) MOTION TO DISMISS.

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).

---

[4] These facts are taken from the Complaint and, as they must be, are assumed true for purposes of this Motion to Dismiss only.

However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must have "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted).

A statute of limitations defense may be raised in a Rule 12(b)(6) motion where the allegations in the Complaint demonstrate that the cause of action is untimely. See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

**B. CONGO FAILS TO STATE A CIVIL RIGHTS CONSPIRACY CLAIM.**

Congo's claim in Count II for conspiracy under 42 U.S.C. § 1985(3) should be dismissed because it is untimely, because she has not alleged that Defendants conspired to violate her Constitutional rights, and because she has not alleged Defendants conspired together at all.

1. Congo's Section 1985 Claim is Untimely.

A Section 1985(3) claim is subject to a two-year statute of limitations. See, e.g., Mina v. Montgomery Cty., No. CV 18-5556, 2019 WL 2060111, at *14 (E.D. Pa. May 8, 2019); McFadden v. Apple Inc., No. 18-CV-3779, 2018 WL 4374173, at *3 (E.D. Pa. Sept. 12, 2018), aff'd, 785 F. App'x 86 (3d Cir. 2019). American Airlines terminated Congo's employment on September 9, 2017, which was two years and eight months before she filed this lawsuit on May 18, 2020. Thus, Congo's allegations that Defendants conspired to discriminate against her during her employment and to terminate her employment for an unlawful reason are time-barred. Count II can be dismissed on this basis alone.

2. A Section 1985 Claim Cannot be Based on a Section 1981 Claim.

Section 1985(3) "provides a cause of action under rather limited circumstances." Brown v. Philip Morris Inc., 250 F.3d 789, 805 (3d Cir. 2001). To plead a Section 1985(3) civil rights conspiracy claim against private actors, a plaintiff must allege, *inter alia*, "(a) that a racial . . . animus lay behind the coconspirators' actions, [and] (b) that the coconspirators intended to deprive the victim of a right guaranteed by the Constitution against private impairment." Id. The Constitution guarantees rights primarily against government impairment. "There are few such rights" guaranteed by the Constitution against private actors that are enforceable through Section 1985(3). Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993). Indeed, the Supreme Court has only recognized two such rights, the Thirteenth Amendment right to be free from involuntary servitude and the Thirteenth Amendment-based right of interstate travel. Id.

Thus, the federal employment discrimination *statutes* cannot underpin a Section 1985(3) claim that defendants conspired to deprive a plaintiff of a *Constitutional* right. In Brown, the United States Court of Appeals for the Third Circuit affirmed the dismissal of a Section 1985(3)

claim purportedly premised on a Section 1981 claim, noting that "the District Court correctly observed that because such rights . . . are statutorily enacted, rather than of purely constitutional provenance, they cannot be vindicated under § 1985(3)." Brown, 250 F.3d at 805; see also Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 422 U.S. 366, 378 (1979) ("[D]eprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)."); Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010) ("[C]onspiracies to violate rights protected under § 1981 are . . . insufficient to form the basis of a § 1985(3) claim."); Cada v. E. Penn Mfg. Co., Inc., No. 5:16-CV-04832, 2018 WL 947930, at *6–8 (E.D. Pa. Feb. 16, 2018) ("[N]one of the rights underlying [Title VII, Section 1981, and PHRA] claims can form the basis of a § 1985(3) claim."); Sung Tran v. Delavau, LLC, No. CIV.A. 07-3550, 2008 WL 2051992, at *15 (E.D. Pa. May 13, 2008) ("A plaintiff cannot base a § 1985(3) claim against private actors on any statutory rights, including claims under Title VII [or] § 1981 . . . ."); Harden v. RR Donnelly, No. CIV.A. 01-6147, 2002 WL 32345676, at *1-2 (E.D. Pa. Apr. 1, 2002) (claims under § 1981 cannot form the basis of a § Section 1985(3) claim).

Congo does not allege that Defendants conspired to deprive her of a right guaranteed against private impairment by the United States Constitution. Her allegation that Defendants conspired to deprive her of statutory rights under Section 1981 does not state a claim under Section 1985(3). Count II should be dismissed.

3. Congo Did Not Allege a Conspiracy.

To plead a Section 1985(3) claim, a plaintiff must allege facts from which a reasonable inference can be drawn that the defendants had an agreement to conspire against her. See Startzell v. City of Phila., 533 F.3d 183, 205 (3d Cir. 2008). "To constitute a conspiracy, there must be a 'meeting of the minds.'" Id. Conclusory allegations of a conspiracy fail to state a claim. Id.;

Zurchin v. Ambridge Area Sch. Dist., 300 F. Supp. 3d 681, 693–94 (W.D. Pa. 2018) (dismissing Section 1985(3) claim where plaintiff's conspiracy allegations were conclusory); Cortazzo v. City of Reading, No. CIV.A. 14-2513, 2015 WL 1380061, at *4–5 (E.D. Pa. Mar. 26, 2015) ("A mere general allegation or averment of conspiracy or collusion without alleging the facts which constituted such conspiracy or collusion is a conclusion of law and is insufficient to state a claim." (internal citation omitted)).

In the Complaint, Congo alleges that Nagy terminated her employment in 2014, Morgan and Buchanan made discriminatory comments about African Americans in July 2017, Buchanan made a discriminatory comment about Congo in July 2017, Buchanan did not properly train Congo, and Buchanan terminated Congo's employment in September 2017. These allegations do not support the existence of an agreement among American Airlines, Nagy, Morgan and Buchanan. In fact, Congo's Complaint makes no mention, even in an insufficient conclusory fashion, of any alleged agreement among Defendants to deprive her of her rights. She has, therefore, failed to allege the existence of a conspiracy. See Adams v. City of Greensburg, No. CV 17-550, 2018 WL 1318068, at *5–6 (W.D. Pa. Mar. 14, 2018) (allegations that multiple actors participated in racist acts are insufficient to plead a Section 1985(3) conspiracy in the absence of allegations of an agreement among the defendants to deprive the plaintiff of his rights); Allen v. Sweeney, No. CIV.A. 11-5602, 2012 WL 5897584, at *12 (E.D. Pa. Nov. 20, 2012) (allegations that fail to suggest individual defendants formed a conspiracy or what they did to plan or further the conspiracy fails to state a conspiracy claim).

Even if Congo had alleged facts otherwise suggesting a meeting of the minds among Defendants, the intracorporate conspiracy doctrine would preclude the claim. See Robison v. Canterbury Vill., Inc., 848 F.2d 424, 431 (3d Cir. 2008). "Since a corporation, as a legal creation,

can only act through its agents, an alleged conspiracy between a corporation and its agents is a conspiracy between an entity and itself, which is no conspiracy at all." Plemmons v. PMA Ins. Co., Civ. 90-2495, 1991 WL 125982, at *13 (E.D. Pa. July 3, 1991); see also Benlian v. PECO Energy Corp., No. CV 15-2128, 2016 WL 3951664, at *8 (E.D. Pa. July 20, 2016) (a corporation "cannot conspire with its . . . agents, or its employees"). Thus, a purported conspiracy between a corporation and its agents cannot satisfy the first element of a Section 1985(3) claim. See Robison, 848 F.2d at 431.

An exception to the intracorporate conspiracy doctrine exists, but Congo has not plead any facts that would support the application of the exception. A conspiracy between a corporation and one of its employees can exist where the employee is alleged to have acted in a personal, as opposed to official, capacity. See Robison, 848 F.2d at 431; see also Jackson v. Rohm & Haas Co., No. CIV.A. 06-3682, 2007 WL 2668001, at *7 (E.D. Pa. Sept. 5, 2007), vacated in part, modified in part, No. CIV.A. 06-3682, 2007 WL 2702797 (E.D. Pa. Sept. 12, 2007) ("[I]t is well established that employees of an entity cannot conspire with that entity unless they are acting in a personal capacity in undertaking the conspiracy."). Although Congo purportedly sues the individual defendants in their individual and official capacities, she does not allege that any of them acted against her in a personal capacity. Rather, she complains of actions they allegedly took in their roles as American Airlines supervisors, including not providing sufficient job training, creating a hostile work environment, and terminating her employment. Indeed, the fact that she seeks to hold American Airlines responsible for the individuals' alleged conduct demonstrates that she alleges official rather than individual conduct. Absent any allegations that the individual defendants acted in their personal capacities, she cannot state a conspiracy among Defendants. See Benlian v. PECO Energy Corp., No. CV 15-2128, 2016 WL 3951664, at *8 (E.D. Pa. July 20,

2016) (dismissing conspiracy claim under intracorporate conspiracy doctrine where allegations made against individuals all alleged actions taken on behalf of their corporate employer); Jackson, 2007 WL 2668001, at *7 (dismissing Section 1985 claim where complaint contained no allegations that the individual defendants, all of whom were employees of the corporate defendant, were acting in a personal capacity).

Count II of the Complaint should be dismissed.

### C. CONGO FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Congo's IIED claim (Count III), based solely on her allegations that she was discriminated against during her employment, can be dismissed for four independent reasons. First, the claim is time-barred. Second, Congo fails to plead extreme or outrageous conduct. Third, Congo fails to plead severe emotional distress. Finally, even if Congo stated a claim, it would be preempted by the Pennsylvania Workers' Compensation Act ("PWCA").

1. Congo's IIED Claim is Untimely.

The statute of limitations on an IIED claim in Pennsylvania is two years. See Quintana v. City of Phila., No. CV 17-0996, 2018 WL 3632144, at *9 (E.D. Pa. July 30, 2018); Baum-Brunner v. Lytle, No. CV 17-3901, 2018 WL 1040849, at *5 (E.D. Pa. Feb. 23, 2018); Angelella v. Avvisato, No. 3:15-CV-00511, 2016 WL 4379098, at *9 (M.D. Pa. Aug. 17, 2016). The limitations period begins to run from the date of the defendant's extreme and outrageous conduct. See Quintana, 2018 WL 3632144, at *9.

Congo filed this lawsuit on May 18, 2020, and her IIED claim arises solely out of her allegations of employment discrimination. Congo, however, was last employed by American Airlines on September 9, 2017, two years and eight months before she filed the lawsuit. Accordingly, the IIED claim was untimely by at least eight months and should be dismissed. See

Altieri v. Concordville Motor Car, Inc., No. CV 17-4447, 2018 WL 878368, at *3–4 (E.D. Pa. Feb. 14, 2018) (dismissing IIED claim where it was premised on allegations of mistreatment during employment when claim was filed more than two years after plaintiff's last day of employment); James v. Tri-Way Metalworkers, Inc., No. 3:13-CV-1638, 2014 WL 4640078, at *5 (M.D. Pa. Sept. 16, 2014) (where IIED claim was based on hostile work environment "the statute of limitations accrued as of the date of Plaintiffs [sic] discharge").

2. Congo Fails to Plead Extreme and Outrageous Conduct.

Even if Congo's IIED claim were timely, it would still be subject to dismissal for failure to state a claim. To state an IIED claim, Congo must allege intentional or reckless conduct that (1) was extreme and outrageous; and (2) caused severe emotional distress. See Doughty v. Wells Fargo Bank, N.A., No. 17-5018, 2018 WL 1784159, at *3 (E.D. Pa. Apr. 13, 2018). To plead the extreme and outrageous conduct required for an IIED cause of action, a plaintiff must plead conduct that is "so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community." Jackson v. Lehigh Valley Physicians Grp., No. CIV.A. 08-3043, 2009 WL 229756, at *9 (E.D. Pa. Jan. 30, 2009) (citing Cox v. Keystone Carbo Co., 861 F.2d 390, 395 (3d Cir. 1988)). Notably, "it is extremely rare to find conduct in the employment context that will give rise to the level of outrageousness necessary to provide a basis for recovery of the tort of intentional infliction of emotional distress." Amoroso v. Bucks Cty. Ct. Com. Pl., No. CIV.A. 13-0689, 2014 WL 1284791, at *15 (E.D. Pa. Mar. 27, 2014).

Congo's allegations – that she was not properly trained, overheard discriminatory remarks, and was ultimately terminated – do not come close to the outrageous conduct required to plead an IIED claim. See, e.g., Hargraves v. City of Phila., No. CIV.A.05-CV-4759, 2007 WL 1276937, at

*3 (E.D. Pa. Apr. 26, 2007) (collecting cases) ("Courts in this District have repeatedly found that racial discrimination alone does not meet the 'extreme and outrageous conduct' standard necessary to state a claim for intentional infliction of emotional distress."); Harry v. City of Phila., No. Civ. A. 03-661, 2004 WL 1387319, at *15 (E.D. Pa. June 18, 2004) (racial discrimination and retaliation, even if proven, do not rise to the level of extreme and outrageous conduct); Barbosa v. Tribune Co., No. Civ. A. 01-CV-1262, 2003 WL 22238984, at *6 (E.D. Pa. Sept.25, 2003) (racial discrimination and work-related harassment do not plead a claim of intentional infliction of emotional distress). Thus, even if Congo's IIED claim had been timely, it would still be subject to dismissal for want of allegations of extreme and outrageous conduct.

3. Congo Fails to Plead Severe Distress.

Even if Congo's claim were timely and pled extreme and outrageous conduct, her IIED claim would still be subject to dismissal because Congo fails to allege that she suffered severe distress. Congo's Complaint contains boilerplate allegations that she suffered "humiliation, embarrassment, and other harms" and that Buchanan acted without regarding Congo's feelings. (Compl. ¶¶ 35, 40.) To show that distress is sufficiently severe to support an IIED claim, however, Pennsylvania requires that a plaintiff plead a physical manifestation of her injury. See Doughty, 2018 WL 1784159, at *3 (citing cases). The lack of allegations of severe emotional distress that manifested physically is a third independent basis to dismiss Congo's IIED claim. See Rosenberg v. Thomas Jefferson Univ. Hosp., Inc., No. CV 15-4208, 2016 WL 2766504, at *2 (E.D. Pa. May 13, 2016) (allegations that plaintiff "suffered emotional distress and was repeatedly humiliated and embarrassed" not sufficient because plaintiff "failed to support her claim with competent medical evidence, which is required even at the pleading stage"); Allen v. Wells Fargo, N.A., No. CV 14-5283, 2015 WL 5137953, at *6 (E.D. Pa. Aug. 28, 2015) (dismissing IIED claim because plaintiff

failed to allege that he sustained physical harm and finding that allegations of "mental and emotional distress, anxiety, embarrassment, humiliation, and damage to his reputation" did not constitute allegations of physical harm) (citations omitted)).

4. Congo's IIED Claim is Preempted.

Alternatively, if the Court concludes that Congo pled facts sufficient to give rise to a timely IIED claim, the Court should dismiss the claim on preemption grounds. The PWCA provides an exclusive remedy for work-related injuries and generally bars IIED claims that arise out of the employment relationship. See Ahmed v. Lowe's Home Ctrs., Inc., 346 F. App'x 816, 821 (3d Cir. 2009) ("The PWCA bars IIED claims that arise out of an employment relationship."); Collins v. Univ. of Pa., 35 F. App'x 352, 353–54 (3d Cir. 2002) (affirming dismissal of IIED claim because "the [PWCA] provides the exclusive remedy for employees asserting intentional and negligent infliction of emotional distress claims based on alleged discriminatory treatment by employers"); Amoroso, 2014 WL 1284791, at *15 ("The exclusivity provision of the WCA statute bars claims for intentional and/or negligent infliction of emotional distress arising out of an employment relationship." (internal quotation marks, edits, and citations omitted)); Moyer v. Kaplan Higher Educ. Corp., 413 F. Supp. 2d 522, 529 (E.D. Pa. 2006) (IIED claim premised on harassment at work preempted by PWCA). Because Congo's purported IIED claim is based exclusively on alleged employment discrimination and harassment, it is preempted.

**D. CONGO FAILS TO STATE A SECTION 1981 CLAIM AGAINST NAGY OR MORGAN.**

In Count I of the Complaint, Congo purports to bring Section 1981 claims against all Defendants for disparate treatment arising out of her termination and for a hostile work environment during her employment. She fails, however, to state Section 1981 claims against Nagy or Morgan.

Individual liability can exist under Section 1981 against individuals "who are personally involved in the discrimination against plaintiff, …where they intentionally caused the employer to infringe on plaintiff's Section 1981 rights, or where they authorized, directed, or participated in the alleged discriminatory conduct." Rippy v. Pub. Health Mgmt. Corp., No. 19-CV-1839-JMY, 2020 WL 832088, at *10 (E.D. Pa. Feb. 19, 2020) (quoting Al-Khazraji v. St. Francis Coll., 784 F.2d 505, 518 (3d Cir. 1986)) (internal citation omitted). Thus, an individual's liability under Section 1981 "must be predicated on [his] personal involvement in the alleged discrimination with some affirmative link to causally connect the actor with the discriminatory action." Fleet v. CSX Intermodal, Inc., No. CV 17-3562, 2018 WL 3489245, at *18 (E.D. Pa. July 18, 2018).

Congo's Complaint does not allege that Nagy or Morgan were personally involved in any allegedly discriminatory conduct toward Congo. With respect to Nagy, Congo merely alleges that he was her supervisor in 2014 and that he terminated her employment then. Congo does not allege that the 2014 termination was discriminatory, and she does not allege that Nagy had any involvement in Congo's 2017 employment.[5] Congo fails to state a Section 1981 claim against Nagy.

Likewise, Congo does not allege that Morgan personally participated in discriminatory conduct towards her. At most, Congo alleges that she overhead Morgan make a racist comment that was not directed to or about her. Congo's allegation about Morgan's comment is insufficient to state a Section 1981 hostile work environment claim against him. See Caver v. City of Trenton, 420 F.3d 243, 263 (3d Cir. 2005) (racist comments that were directed to individuals other than the plaintiff insufficient to establish a hostile work environment); Robinson v. Nat'l R.R. Passenger

[5] To the extent Congo intended to allege that her 2014 termination violated Section 1981, the claim is untimely. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004) (four-year statute of limitations governs Section 1981 claims of employment discrimination).

Corp., No. CV 18-341, 2019 WL 3310333, at *18 (E.D. Pa. July 22, 2019) (plaintiff cannot establish a hostile work environment claim "solely by pointing to comments that were directed at other individuals"); Lamb v. Montgomery Twp., No. CV 15-6759, 2016 WL 7426125, at *10 (E.D. Pa. Dec. 23, 2016) (offensive comments plaintiff overheard but that were not directed to plaintiff did not establish a hostile work environment); Frazier v. Henry H. Ottens Mfg. Co., No. CIV.A. 11-3987, 2012 WL 1137051, at *6 (E.D. Pa. Apr. 5, 2012) (single use of racial epithet not directed at the plaintiff insufficient to support a hostile work environment claim).[6] Thus, Congo has not stated a Section 1981 hostile work environment claim against Morgan.

Congo has not stated a disparate treatment claim against Morgan either. Indeed, Congo does not make any allegations that Morgan individually participated in disparate treatment discrimination against Congo. To the contrary, she alleges that Buchanan was her "attending supervisor," that Buchanan set Congo up to fail by not training her properly, that Buchanan terminated her employment, and that Buchanan has interfered with her attempts to secure additional employment with American Airlines. Congo does not allege that Morgan supervised her employment or was involved in her training or the decision to terminate her employment. These allegations do not state a Section 1981 disparate treatment claim against Morgan.

Accordingly, Count I to the extent it is brought against Nagy and Morgan should be dismissed.

---

[6] The analysis of whether a hostile work environment exists under Section 1981 is the same as under Title VII. White v. Purolite Corp., No. CV 19-1736, 2020 WL 1875632, at *2 (E.D. Pa. Apr. 15, 2020).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss Count I against Nagy and Morgan and dismiss Counts II and III in their entirety.

Dated: August 3, 2020

Respectfully submitted,

***/s/ Christina M. Michael***

Christina M. Michael (Pa. ID 307708)
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, PA 19087
Tel. (610) 230-2158
Fax (610) 230-2151
cmichael@fisherphillips.com

and

Daniel E. Farrington
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
dfarrington@fisherphillips.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on this 3d day of August, 2020, she caused a true and correct copy of the foregoing Motion to Partially Dismiss Plaintiff's Complaint, Memorandum of Law and Proposed Order to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

Gary Schafkopf, Esq.
Schafkopf Law, LLC
11 Bala Avenue
Bala Cynwyd, PA 19004

David A. Berlin, Esq.
Weisberg Law
7 South Morton Avenue
Morton, PA 19070

Brian R. Mildenberg, Esq.
Mildenberg Law Firm
1735 Market Street, Ste. 3750
Philadelphia, PA 19103

*Counsel for Plaintiff*

***/s/ Christina M. Michael***

Christina M. Michael