# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBRA CONGO**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-cv-02322-JD |
| **AMERICAN AIRLINES GROUP INC.**, *et al.* | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants American Airlines, Inc.[1] ("American Airlines"), Richard Morgan and Brandon Buchanan, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby submit this Memorandum of Law in Support of their Motion to Partially Dismiss Plaintiff's Complaint.

## I. INTRODUCTION

Plaintiff Debra Congo brings claims against her former employer, American Airlines, and two individual supervisors, Morgan and Buchanan, for disparate treatment based on race, hostile work environment, and retaliation under 42 U.S.C. § 1981. As is demonstrated below, Congo's retaliation claim should be dismissed against all defendants because her single-sentence conclusory allegation of retaliation fails to state a claim. Congo's disparate treatment and hostile

---

[1] American Airlines Group Inc. is a publicly traded holding company and the parent company of Plaintiff's employer, American Airlines, Inc. American Airlines, Inc. is the proper defendant.

1

work environment claims should be dismissed against Morgan because the Complaint does not allege that he personally discriminated against Congo.[2]

## II. FACTUAL ALLEGATIONS[3]

American Airlines has employed Congo, who is African American, on multiple occasions as a stock clerk. (Compl. ¶¶ 11, 14-16.) On each occasion, however, Congo did not pass the 90-day probationary period. (Id. ¶¶ 14-16.)

Most recently, American Airlines employed Congo in 2017. (Id. ¶ 16.) During this period of employment, Buchanan was Congo's "attending supervisor." (Id. ¶ 4.) Congo alleges that in July 2017 she overheard Buchanan and another supervisor in the department, Morgan, say that "niggers are dummies." (Id. ¶ 17.) Congo further alleges that she overheard Buchanan refer to her as a "black monkey" and state that he did not want her to pass the probationary period. (Id. ¶ 18.) Although Congo asserts that "Morgan concurred with [] Buchanan," she does not plead any facts from which such a conclusion could be drawn. (Id.) She alleges that Buchanan set her up to fail by not properly training her and then terminated her employment on September 9, 2017 after Morgan falsely accused her of losing an aircraft part. (Id. ¶¶ 20, 22-23.)

After her September 9, 2017 termination, Congo sought open positions with American Airlines, but has not been hired into any of them. (Id. ¶¶ 30.) Congo alleges that "Defendants evidenced a settled intent to discriminate against and wrongfully target Plaintiff on the basis of race, including by retaliating against Plaintiff for making complaints about racist conduct." (Id. ¶ 33.)

---

[2] If this Motion were granted, the remaining causes of action would be Section 1981 claims for disparate treatment arising out of Congo's termination and hostile work environment against American Airlines and Buchanan.

[3] These facts are taken from the Complaint and, as they must be, are assumed true for purposes of this Motion to Dismiss only.

2

### III. LEGAL ANALYSIS

#### A. LEGAL STANDARD ON A RULE 12(b)(6) MOTION TO DISMISS.

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all of the factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint must have "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 679 (citations omitted). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 678 (internal citations omitted).

Section 1981 claims are subject to a heightened "but for" pleading standard. See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 140 S. Ct. 1009, 1017-19 (2020). Thus, for Congo's Section 1981 claims to survive a motion to dismiss the Complaint must allege facts that, if proven, would demonstrate race was a "but for" cause of her alleged injuries. Id. at 1019 (to

state a § 1981 claim "a plaintiff must initially plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right.").

      **B.**      **CONGO FAILS TO STATE A RETALIATION CLAIM.**

Congo's Complaint is ambiguous about the nature of her retaliation claim and it is not clear if she purports to allege that her termination was retaliatory or that American Airlines' failure to hire her into positions she sought after her 2017 termination was retaliatory, or both. Indeed, the lone allegation in her Complaint concerning retaliation can be found in the body of Count I, where she alleges, in total, "Defendants evidenced a settled intent to discriminate against and wrongfully target Plaintiff on the basis of race, including by retaliating against Plaintiff for making complaints about racist conduct." Regardless of the intended scope of Congo's retaliation claim, this single, conclusory sentence fails to state a claim.

The elements of a Section 1981 retaliation claim are that (1) the plaintiff engaged in protected activity, (2) was subject to an adverse employment action, and (3) there was a causal connection between the two. See Brennan v. City of Phila., No. CV 18-1417, 2018 WL 4566134, at *4 (E.D. Pa. Sept. 21, 2018). To the extent that Congo's retaliation claim is about American Airlines' alleged failure to hire her into alternate positions, she must also show that she applied for an available job and was qualified for the position sought. See Bartlett v. Kutztown Univ., No. CIV.A. 13-4331, 2015 WL 766000, at *10 (E.D. Pa. Feb. 23, 2015).

Congo does not set forth any factual allegations that, if proven, would demonstrate that she engaged in protected activity, when she engaged in protected activity, that she was qualified for any positions sought, that the decisionmaker(s) knew about her purported protected activity, or that her termination or non-selection for other jobs were causally related to any purported protected activity. Congo's allegations are "naked assertions devoid of further factual enhancement" under

Iqbal and Twombly, and they fail to state a retaliation claim. See Golod v. Bank of Am. Corp., 403 F. App'x 699, 701 (3d Cir. 2010) (affirming dismissal of retaliation claim when the plaintiff did not detail what protected activity she engaged in, what promotions she was denied, or which decisionmakers denied her promotions); Johnson v. Phila. Police Dep't, No. CV 14-1036, 2014 WL 12639389, at *2 (E.D. Pa. June 19, 2014) (dismissing retaliation claim where plaintiff alleged merely that he filed a complaint at some unidentified time and then was not hired); Booker v. Nat'l R.R. Passenger Corp., 880 F. Supp. 2d 575, 582 (E.D. Pa. 2012) (dismissing retaliation claim alleged in conclusory terms). Congo's retaliation claim should be dismissed against all Defendants.

### C. CONGO FAILS TO STATE A SECTION 1981 CLAIM AGAINST MORGAN.

Congo purports to bring Section 1981 claims against all Defendants for disparate treatment arising out of her termination and for a hostile work environment during her employment. She fails, however, to state Section 1981 claims against Morgan.

Individual liability can exist under Section 1981 against individuals "who are personally involved in the discrimination against plaintiff, …where they intentionally caused the employer to infringe on plaintiff's Section 1981 rights, or where they authorized, directed, or participated in the alleged discriminatory conduct." Rippy v. Pub. Health Mgmt. Corp., No. 19-CV-1839-JMY, 2020 WL 832088, at *10 (E.D. Pa. Feb. 19, 2020) (quoting Al-Khazraji v. St. Francis Coll., 784 F.2d 505, 518 (3d Cir. 1986)) (internal citation omitted). Thus, an individual's liability under Section 1981 "must be predicated on [his] personal involvement in the alleged discrimination with some affirmative link to causally connect the actor with the discriminatory action." Fleet v. CSX Intermodal, Inc., No. CV 17-3562, 2018 WL 3489245, at *18 (E.D. Pa. July 18, 2018).

Congo's Complaint does not allege that Morgan was personally involved in any allegedly discriminatory conduct toward Congo. At most, Congo alleges that she overhead Morgan make a racist comment that was not directed to or about her.[4] Congo's allegation about Morgan's comment is insufficient to state a Section 1981 hostile work environment claim against him. See Caver v. City of Trenton, 420 F.3d 243, 263 (3d Cir. 2005) (racist comments that were directed to individuals other than the plaintiff insufficient to establish a hostile work environment); Robinson v. Nat'l R.R. Passenger Corp., No. CV 18-341, 2019 WL 3310333, at *18 (E.D. Pa. July 22, 2019) (plaintiff cannot establish a hostile work environment claim "solely by pointing to comments that were directed at other individuals"); Lamb v. Montgomery Twp., No. CV 15-6759, 2016 WL 7426125, at *10 (E.D. Pa. Dec. 23, 2016) (offensive comments plaintiff overheard but that were not directed to plaintiff did not establish a hostile work environment); Frazier v. Henry H. Ottens Mfg. Co., No. CIV.A. 11-3987, 2012 WL 1137051, at *6 (E.D. Pa. Apr. 5, 2012) (single use of racial epithet not directed at the plaintiff insufficient to support a hostile work environment claim).[5] Thus, Congo has not stated a Section 1981 hostile work environment claim against Morgan.

Congo has not stated a disparate treatment claim against Morgan either. Although Congo alleges that Morgan falsely accused her of losing an aircraft part, she does not make any allegations that Morgan individually participated in the decision to terminate her employment. To the contrary, she alleges that Buchanan, not Morgan, was her "attending supervisor" and set Congo up to fail by not training her properly. Congo does not allege that Morgan supervised her

---

[4] Congo's conclusory assertion that Morgan "concurred" with Buchanan's alleged racial comment about Congo, without pleading any indicia from which concurrence could be inferred, should be rejected as a "'naked assertion' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

[5] The analysis of whether a hostile work environment exists under Section 1981 is the same as under Title VII. White v. Purolite Corp., No. CV 19-1736, 2020 WL 1875632, at *2 (E.D. Pa. Apr. 15, 2020).

6

employment or was involved in her training or the decision to terminate her employment. These allegations do not state a Section 1981 disparate treatment claim against Morgan.

Accordingly, Congo's hostile work environment and disparate treatment claims against Morgan should be dismissed.

**IV.** **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss the retaliation claim against all Defendants and dismiss all claims against Morgan.

Dated: September 9, 2020                                                      Respectfully submitted,

*/s/ Christina M. Michael*
_____
Christina M. Michael
Fisher & Phillips LLP
150 N. Radnor Chester Road
Suite C300
Radnor, PA 19087
Tel. (610) 230-2158
Fax (610) 230-2151
cmichael@fisherphillips.com

and

Daniel E. Farrington[6]
Fisher & Phillips LLP
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031
dfarrington@fisherphillips.com

*Attorneys for Defendants*

---

[6]     Mr. Farrington will submit a motion to appear *pro hac vice*.